**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| VICTOR ALONSO MOLINA,<br><br>          Petitioner,<br><br>     v.<br><br>SHANNON DICUS, et al.,<br><br>          Respondents. | Case No. 5:26-cv-02280-ACCV<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

### I.      RULING

On April 30, 2026, Petitioner Victor Alonso Molina ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment.  (Docket Number ("Dkt. No.") 1, Petition ("Pet.").)  Consistent with recent decisions by this District and others, the Court finds that Petitioner's detention, without notice or a meaningful opportunity to be heard, violates due process.  For the reasons stated herein, the Court GRANTS the Petition.

/ / /

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner, a citizen of El Salvador, reentered the United States without a visa on June 6, 2013, following an administrative order of removal on March 14, 2013.  (Dkt. No. 1 at 7.)  On January 22, 2014, an immigration judge granted Petitioner Withholding of Removal under 8 U.S.C. § 1231(b)(3).  (*Id*.)  The immigration judge determined Petitioner had "established that it is more likely than not that he will face a threat to his life or freedom if removed to El Salvador." (Dkt. No. 2-2, Ex. at 5-6.)  On April 28, 2026, while appearing at a voluntary Immigration and Customs Enforcement ("ICE") check-in, Petitioner was detained. (Dkt. No. 1, Pet. at 7.)

On April 30, 2026, Petitioner who was at the time detained in the custody of ICE, filed a Petition for Writ of Habeas Corpus against respondents Todd Blanche, Markwayne Mullin, David Marin, Shannon Dicus, U.S. Department of Homeland Security, Executive Office for Immigration Review, and San Bernardino County Sheriff's Department ("Respondents").  (Dkt. No. 1, Pet. at 7.)  The same day, Petitioner filed an Ex Parte Application ("Application") seeking a Temporary Restraining Order ("TRO") enjoining Respondents from continuing to detain Petitioner.  (Dkt. No. 2-1, (Memorandum in Support of TRO Application ("App.").)  Respondents filed their answer to the Petition on May 7, 2026.  (Dkt. No. 9, Answer.)  The Court granted Petitioner's Application on May 18, 2026. (Dkt. No. 16, TRO Order.)

In the Petition, Petitioner argues his detention without a bond hearing violates his due process rights and that he should be released.  (Dkt. No. 1, Pet. at 12-13.)  Respondents argue that Petitioner is detained because he is subject to an order of removal and such detention is authorized pursuant to 8 U.S.C. § 1231(a)(2).  (Dkt. No. 9, Answer at 1.)  Respondents also assert that the Court

2

does not have jurisdiction to "impinge on the government's discretionary authority over when to execute a removal order[.]" (*Id.* at 2.)

## III. LEGAL BACKGROUND

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

## IV. DISCUSSION

In this habeas action, Petitioner claims that his detention is unlawful because it violates the Fifth Amendment's due process protections. (Dkt. No. 1, Pet. at 12-13.) For the reasons below, the Court agrees.

### A. Habeas Jurisdiction

As a threshold matter, the Court has jurisdiction over this action because Petitioner is not challenging his removal proceedings. (*See generally* Dkt. No. 1, Pet.) Petitioner is instead challenging his prolonged and mandatory detention by Respondents. (*Id.* at 12-13.)

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . .

3

be deprived of . . . liberty . . . without due process of law[.]" U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979).

**B.     Petitioner's Due Process Claim**

Below, the Court addresses Petitioner's claim on the merits that he has been unlawfully detained. For the reasons that follow, the Court concludes that Petitioner's detention violated his procedural due process rights.

Petitioner argues that his detention since April 28, 2026, without a pre-detention hearing, violates the due process protections of the Fifth Amendment. (Dkt. No. 1, Pet. at 7-13.) In their response, Respondents assert that the Government has authority to detain noncitizens who have orders of final removal. (Dkt. No. 9, Answer at 1-2.) The basis for Petitioner's detention raised by Respondents is Section 1231(a) and their assertion that "On May 5, 2026, Petitioner was served with a notice of removal stating that ICE intended to remove Petitioner to Mexico." (*Id.*)

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. The right to due process extends to noncitizens in the United States. *See Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United

States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 163 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law."); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

It is also well-established that freedom from government detention is a protected liberty interest. *See Zadvydas*, 533 U.S. at 690. As noted before, due process rights extend to noncitizens present in the United States. *Id.* at 693-94. As the Court has previously stated in its Order granting the TRO, Petitioner fits that description. (*See* Dkt. No. 16, TRO Order at 4-5.)

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* The Court finds that each of the three *Mathews* factors supports Petitioner's right to notice and a hearing before a neutral decisionmaker prior to detention.

First, Petitioner has a substantial liberty interest in remaining out of custody after he was granted withholding of removal and lived in the United States for over

5

12 years building family and community ties.  (Dkt. Nos. 1, Pet. at 7; 2-1 TRO App. at 3.)  Petitioner similarly asserts that he has a significant liberty interest in not being removed to a third country without compliance with adequate procedural safeguards.  (Dkt. No. 10, TRO Reply at 8-13.)

While Respondents argue that the Department of Homeland Security has extensive discretion in deciding whether an individual should be detained or re-detained pursuant to § 1231(a), as discussed above, Petitioner was granted withholding of removal, and then detained, and only *after* he was detained did Respondents notify Petitioner of their intent to remove him to a third country. Furthermore, regardless of what provision Petitioner is detained under, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).  Accordingly, Petitioner's private interest in retaining his liberty is significant.

Second, the Court finds that the risk of erroneous deprivation of liberty is high, absent the procedural safeguard of notice and a hearing before a neutral decisionmaker prior to detention.  *See Zadvydas*, 533 U.S. at 693-94.  Here, Respondents took Petitioner into immigration custody without notice or warning when he voluntarily appeared at an ICE check-in.  Respondents argue that the Court should deny the Petition because Petitioner's detention is statutorily authorized and because Petitioner has a final order of removal.  Though there may have been a final order of removal, Respondents cannot square how they could lawfully detain Petitioner without any process after an immigration judge granted withholding of removal over twelve years ago.  Respondents offer as evidence a notice of removal expressing intent to remove Petitioner to Mexico that Respondents provided to Petitioner one week after detaining him without pre-deprivation notice or a hearing.  Providing Petitioner with notice *after* he was

arrested and detained, however, cannot support Petitioner's continued detention when the underlying arrest and detention were in violation of Petitioner's due process rights and, thus, invalid. *See Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990) ("that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property."). Moreover, the Notice of Removal expresses an intent to remove Petitioner to Mexico, and no more.[1]

Even if Respondents had provided notice about its intent to remove Petitioner to Mexico before they detained him, on this record, it appears that Respondents never provided meaningful notice and an opportunity to assert a fear-based claim. *See Castillo v. Chestnut*, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *8 (E.D. Cal. Jan. 16, 2026). Moreover, as many courts in this Circuit have found, the government's third country removal policy itself violates due process and is contrary to Ninth Circuit precedent. *See, e.g.*, *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1070 (W.D. Wash. 2025) (noting "overwhelming authority against" the policy); *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025) ("ICE's policy is contrary to Ninth Circuit precedent . . . . Other courts in this circuit have recognized that this policy is unconstitutional, and this Court agrees with those well-reasoned decisions."); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 728 (W.D. Wash. 2025) ("This policy contravenes Ninth Circuit law . . . It would be impossible to comply both with Ninth Circuit precedent and the policy.") (citations omitted). Thus, Respondents' claim that they intend to remove Petitioner to a third country, Mexico, does not overcome his unlawful detention.

---

[1] The Court observes that the Notice of Removal was signed by an immigration officer and provides no other details regarding Respondents' efforts at removing Petitioner. (*See* Dkt. No. 9-1, Ex. Not. of Removal.)

Respondents' detention of Petitioner without pre-deprivation notice and a hearing, alone, demonstrates Respondents' failure to comply with due process requirements.  Such failure, coupled with the Governments *post hoc* notice of removal to a third country without providing Petitioner with any meaningful notice or opportunity to assert a fear-based claim means the Court is still not satisfied that Respondents complied with due process requirements when detaining Petitioner.  Accordingly, the Court finds that the risk of erroneous deprivation is high.

Third, the Court finds that the government has a low interest in keeping Petitioner detained.  To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures.  "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Singh v. Andrews*, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E D. Cal. July 11, 2025).  Here, the Court finds that the Government's interest in detaining Petitioner without providing him with pre-deprivation notice and a hearing is minimal.

After considering all of the *Mathews* factors, the Court finds that Petitioner's procedural due process rights were violated when Respondents detained him without pre-deprivation notice and a hearing.

### V.   CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS that Respondents are prohibited from re-detaining Petitioner absent notice and a hearing before an immigration judge at which the government must justify Petitioner's detention by clear and convincing evidence.  Respondents are also prohibited from removing Petitioner to a third country without any meaningful notice or opportunity to assert a fear-based claim.

DATED: May 26, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge